NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**NANCY SULLIVAN, AS PERSONAL REPRESENTATIVE FOR JOHN V. SULLIVAN,**
*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent*

_____

2024-1096

_____

Petition for review of the Merit Systems Protection Board in No. DC-0831-21-0314-I-1.

_____

Decided: October 28, 2024

_____

NANCY SULLIVAN, Fairfax Station, VA, pro se.

CHRISTOPHER BERRIDGE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BRIAN M. BOYNTON, TARA K. HOGAN, PATRICIA M. MCCARTHY.

_____

Before PROST, TARANTO, and STARK, *Circuit Judges*.

PER CURIAM.

Petitioner Nancy Sullivan, as personal representative for her late husband John Sullivan, appeals the Merit Systems Protection Board's ("Board") final order affirming the computation method applied by the Office of Personnel Management ("OPM") to calculate the survivor annuity to which Ms. Sullivan is entitled. The Board found OPM applied the correct computation method. We agree and affirm.

I

John Sullivan was a federal employee for more than 40 years. During his employment, Congress enacted the Federal Employees' Retirement System Act of 1986 ("FERSA"), which replaced the Civil Service Retirement System ("CSRS") with the Federal Employee Retirement System ("FERS"). Mr. Sullivan earned CSRS retirement benefits during his first 28 years of service. Then, in 1998, Mr. Sullivan voluntarily chose to switch to FERS, enabling him to earn FERS retirement benefits from 1999 through his retirement in 2012.

Upon retirement, Mr. Sullivan began drawing annuity benefits as a FERS annuitant who had also accrued benefits under CSRS. FERSA, as well as implementing regulations adopted by OPM, contains specific provisions (discussed in detail below) for calculating a "compound annuity" for employees, such as Mr. Sullivan, whose federal service was partially under CSRS and partially under FERS. Mr. Sullivan also elected to receive lower basic annuity payments than he would otherwise have been paid in order to fund a larger survivor annuity benefit for his spouse, Ms. Sullivan. FERS, and OPM regulations, also address such reductions in retiree annuities and, consequently, increases in survivor annuities.

In 2018, Mr. Sullivan came to believe the calculation OPM used to project Ms. Sullivan's survivor annuity

benefits was inaccurate. He contacted OPM with his concerns. OPM responded that its survivor benefit calculation was correct, explaining that the "calculation for the survivor benefit [was] 50%" of Mr. Sullivan's "unreduced gross annuity." App'x 7.[1] Mr. Sullivan replied that OPM failed to account for the fact that his unreduced gross annuity amount consisted of both CSRS and FERS components, and as a result the survivor annuity needed to be calculated based on CSRS' 55% multiplier and FERS' 50% multiplier. After further back and forth, OPM issued a decision rejecting Mr. Sullivan's challenge to its calculation. Upon Mr. Sullivan's request, OPM granted reconsideration, once again denying Mr. Sullivan's position.

Mr. Sullivan then appealed to the Board. On July 14, 2022, while his appeal was pending, Mr. Sullivan passed away. Thereafter, Ms. Sullivan began receiving a survivor annuity and also carried on the litigation.

In the Board's initial decision, an administrative judge ("AJ") found that OPM had miscalculated Ms. Sullivan's survivor annuity. The AJ began by noting that the parties agreed that Mr. Sullivan's retirement annuity payments were properly calculated as the sum of 55% of the CSRS component and 50% of the FERS component. The AJ concluded that OPM was required to use this same computation method to calculate Ms. Sullivan's survivor annuity. In the AJ's view, then, OPM erred by determining that the survivor benefit was only 50% of the amount of Mr. Sullivan's retirement annuity, as this improperly reduced the CSRS component.

---

[1] References to "App'x" refer to the Appendix submitted by Ms. Sullivan. References to "S. App'x" refer to the Sup-plemental Appendix submitted by OPM.

OPM petitioned the Board to review the AJ's initial decision, and the Board reversed. It determined that OPM's calculation of the survivor annuity benefit was correct. The Board focused its analysis on FERSA's requirements that, when an employee chooses to enter FERS, the employee's benefits – including survivor annuity benefits – are thereafter governed by FERSA, and FERSA unambiguously requires that survivor annuity benefits in situations like Mr. Sullivan's are calculated as (at most) 50% of retiree annuity benefits, regardless of how that retiree annuity was itself calculated. Therefore, the Board concluded, "we are left with the statement in § 302(a) of FERSA . . . that FERS statutes relating to survivor benefits shall apply to . . . individuals" such as Mr. Sullivan having a combined CSRS-FERS annuity. App'x 5. Thus, the Board concluded that OPM correctly calculated Ms. Sullivan's survivor annuity benefit as being 50% of Mr. Sullivan's retirement annuity.

Ms. Sullivan timely appealed to us under 5 U.S.C. § 7703(c)(1). We have jurisdiction to review the Board's final order under 5 U.S.C. § 7703(b)(1)(A) and 28 U.S.C. § 1295(a)(9).

II

We must affirm the Board's decision unless it is "found to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). The burden of establishing reversible error is on the appellant. *See Harris v. Dep't of Veterans Affairs*, 142 F.3d 1463, 1467 (Fed. Cir. 1998).

III

A

It is undisputed that Mr. Sullivan elected to switch from CSRS to FERS after accruing 28 years of credit under

CSRS. Likewise, it is undisputed that Mr. Sullivan's basic annuity benefits were properly calculated using the compound computing method set out in 5 C.F.R. § 846.304(a)(1): 55% for the CSRA component (i.e., 1970 through 1998) plus 50% for the FERS component (i.e., 1998 through 2012). Finally, it is further undisputed that during Mr. Sullivan's lifetime he elected a voluntary 10% reduction in his retirement annuity to ensure that, should he predecease his wife, Ms. Sullivan would be paid the maximum survivor annuity. App'x 2 (citing 5 U.S.C. § 8419(a)(1)).

The sole issue in dispute is the proper calculation of that surviving spouse annuity. Ms. Sullivan contends – as did Mr. Sullivan, and as the AJ agreed – that the surviving spouse annuity must be calculated in the same manner that Mr. Sullivan's retirement annuity was calculated: 55% for his CSRS credit years plus 50% for his FERS credit years. OPM urges us to instead adopt the Board's final decision, which agreed with OPM that only the FERS formula applies, meaning that Ms. Sullivan is entitled to 50% of Mr. Sullivan's retirement annuity. We agree with OPM.

Mr. Sullivan's election to move from the CSRS retirement system to the FERS retirement system made him subject to FERS benefit calculation methods. *See* App'x 4 (citing FERSA § 302 "Effect Of An Election Under Section 301 To Become Subject To The Federal Employees' Retirement System," Pub. L. No. 99-335, 100 Stat. 514, 599 (1986)).[2] In pertinent part, FERSA § 302 provides "[a]ll

---

[2]   The statutory provision on which the Board relied, FERSA § 302, is not codified. Neither Mr. Sullivan, Ms. Sullivan, OPM, nor the Board has ever suggested any doubt that § 302 applies to this case. Thus, we limit our review to the issue raised by the parties, which is solely

provisions" of FERSA "(including those relating to . . . survivor benefits, and any reductions to provide for survivor benefits) shall apply with respect to any individual who becomes subject to such chapter pursuant to an election under section 301," *unless* FERSA explicitly says otherwise.  FERSA § 302.

In particular, FERSA § 302(a)(4) expressly contemplates the situation we confront: (i) a combined CSRS-FERS annuity, calculated for the retiree at 55% of the CSRS component and 50% of the FERS component; (b) a voluntary reduction by the retiree in the CSRS annuity in order to fund the maximum survivor annuity; and (c) the retiree passing away, giving rise to the necessity to determine the survivor annuity.  In such a circumstance, the plain language of the statute requires that the "accrued benefits [under FERSA] shall be computed in accordance with applicable provisions of [the CSRS] (*but without regard to [5 U.S.C. § 8339] (j) or (k) . . .*)", where subsections (j) and (k) apply to retiree-annuitant elections to reduce CSRS annuities to fund survivor annuities under CSRS.  FERSA § 302(a)(4) (emphasis added); *see also* FERSA § 302(a)(1)(B)(i).  While subsections (j) and (k) would, under CSRS, otherwise have required the CSRS component of the survivor annuity to be calculated at 55% of the retirement annuity, FERSA § 302(a)(4) *excludes* these provisions from applying to a retiree who elects into FERS.  The result is that a provision of FERS, specifically 5 U.S.C. § 8442(a), governs, and § 8442(a) provides that the survivor annuity is "equal to 50 percent of the annuity computed under section 8415 [providing for the computation of basic annuities under FERS] with respect to the annuitant."  5 U.S.C. § 8442(a)(1); *see also* App'x 5.

---

about the proper legal interpretation of FERSA § 302 (and related statutes and regulations).

## B

Ms. Sullivan raises numerous objections to the Board's analysis. We conclude that they lack merit.

First, the issue presented is not, as Ms. Sullivan suggests, whether Congress intended to "create annuities that were not compound in nature." Petitioner's Br. at 16. Congress expressly contemplated that long-time federal employees like Mr. Sullivan could have retirement annuities consisting of both a CSRS component and a FERS component, and set out the formulas (e.g., 55% CSRS plus 50% FERS) to calculate the amount of such a compound annuity. 5 C.F.R. § 846.304(a)(1); 5 U.S.C. § 8461(g). This case involves only a dispute as to the amount of the survivor annuity determined from such a compound retiree annuity, and, as explained above, we agree with OPM's calculation of that amount.

Second, Ms. Sullivan's repeated reference to 5 C.F.R. § 846.304(a)(2) does not yield a different result. This regulation provides: "The computation method described in paragraph (a)(1) of this section" – i.e., "[t]he basic annuity of an employee who elected FERS coverage is an amount equal to the sum of the accrued benefits under CSRS . . . and the accrued benefits under FERS," which together "is deemed to be the individual's annuity under FERS" – "*is used in* computing basic annuities" and is also used in computing "survivor annuities." 5 C.F.R. §§ 846.302(a)(1) & (a)(3) (emphasis added). We agree with the government that the phrase "is used in," which relates to the "computation method," refers to "the combined CSRS and FERS annuity sum that will eventually be used to calculate the total survivor annuity benefit." Respondent's Br. at 18-19. It does not, as Ms. Sullivan contends, compel OPM to make the foregoing calculation of the retiree annuity and then again make the same calculation to determine the proportion of the retiree's annuity that is payable to the retiree's surviving spouse. That latter calculation, like all

calculations after an employee opts into FERS, is governed by FERS itself. *See* 5 C.F.R. § 846.305(a) ("Except as provided by this part, CSRS provisions are not applicable with respect to an individual who elects FERS coverage.").

In sum, then, we agree with the government that "as Section 302(a) instructs, being subject to the FERSA means being subject to *all* of its provisions, unless there is an articulated exception that applies." Respondent's Br. at 13. While "FERSA provides an exception relevant to Mr. Sullivan's retirement benefits in section 302(a)(3)(A)(i), where the FERSA specifically allows for the combined computation of a[] [retirement] annuity for someone who has elected FERS coverage and also has CSRS service," "the figure established from this calculation is the annuity upon which other provisions of the FERSA applies, including the FERS survivor annuity benefits rate." Respondent's Br. at 13-14 (internal emphasis omitted; citing 5 U.S.C. §§ 8415, 8419(a)(1), 8442(a)(1)). FERSA, which undisputedly governs, requires computing Ms. Sullivan's survivor annuity at 50% of Mr. Sullivan's retirement annuity. As this is the calculation OPM made and the Board affirmed, we affirm.

## IV

We have considered Ms. Sullivan's remaining arguments and do not find them persuasive. Accordingly, for the reasons set out above, we affirm the Board.

**AFFIRMED**

COSTS

No costs.